**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

      Plaintiff,

v.

FRITANGA CANA BRAVA 3 CORP.
D/B/A FRITANGA CANA BRAVA 3,

      Defendant.

_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4. At all times material, Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 owned and managed a commercial restaurant at 2795 NW 7th

1

Street, Miami, Florida 33125 (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5.      At all times material, Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 was and is a Florida profit corporation which is registered to conduct business in the State of Florida and has the principal place of business in Miami-Dade County, Florida.

6.      Venue is properly located in the Southern District of Florida because Defendant's commercial restaurant and restaurant are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

7.      Although well over thirty-three (33) years has passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

8.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's restaurant and the businesses therein.

9.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses

2

a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair. He additionally has limitations involving his arms and hands. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11.    Defendant/landlord, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3, owns, operates and/or oversees the commercial restaurant; to include its general parking lot and parking spots within the commercial restaurant and all other common areas open to the public located within the commercial restaurant.

12.  The subject commercial restaurant are open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercia restaurant regularly, to include visits to the commercial restaurant and business on November, 18 2025, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial restaurant. He often visits the commercial restaurant a in order to avail himself of the goods and services offered there, and because it is approximately thirty-two (32) miles from his residence, and near other businesses he frequents as a patron. He plans to return to the restaurant within two (2) months from the date of the filing of this Complaint.

13.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial restaurant business to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial restaurant business and wishes to continue his patronage and use of the premises.

14.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject places of public accommodation.

3

The barriers to access at Defendant's commercial restaurant business has denied or diminished Plaintiff's ability to visit this place of public accommodation and has endangered his safety in violation of the ADA.  The barriers to access, which is set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

15.     Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 owns and operates a commercial restaurant which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 is responsible for complying with the obligations of the ADA.

16.     The place of public accommodation that Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 owns and operates is the commercial restaurant businesses located at 2795 NW 7th Street, Miami, Florida 33125.

17.     Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 as owner of the commercial restaurant is responsible for the commercial property common areas and is liable for all ADA violations listed in this Complaint.

18.     Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 as owner of the commercial restaurant is liable for all ADA violations listed in Count I of this Complaint.

19.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described commercial restaurant, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue

to be subjected to discrimination at the commercial restaurant, in violation of the ADA. Plaintiff desires to visit the commercial restaurant, not only to avail himself of the goods and services available at the commercial restaurant, but to assure himself that the commercial restaurant businesses is in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial restaurant without fear of discrimination.

20. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial p restaurant business, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS BY DEFENDANT, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, FRITANGA CANA BRAVA 3 CORP. D/B/A FRITANGA CANA BRAVA 3 has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial restaurant, include but is not limited to, the following:

A. Entrance Access and Path of Travel

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1,

and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.      The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The Plaintiff could not enter the restaurant without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.      Public Restrooms

i.      The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the

ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not the required length and the rear grab bar is not mounted at the required height.  Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable

**RELIEF SOUGHT AND THE BASIS**

23.    The discriminatory violations described in this Complaint is not an exclusive list of the Defendant's ADA violations.   Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests the opportunity to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

24.    The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's commercial restaurant business; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act identified in this Complaint. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25.    Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations

8

of its place of public accommodation and/or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendant has also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq. for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the

9

violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by each Defendant.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operates its business, located at 7243 SW 24 Street, Miami, Florida 33155, including the interiors, exterior areas, and the common exterior areas of the commercial restaurant to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 30, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 w. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com,
mds@ajperezlawgroup.com


By: ___/s/_Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451

11